1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ROGER MEIKE,                                No. C 11-06329 SI

12              Plaintiff,                      **ORDER ON STANDARD OF REVIEW**

13      v.

14  ORACLE CORPORATION, et al.,

15              Defendants.
    _____/
16

17          Currently before the Court is the parties' briefing on the applicable standard of review in this

18  claim for severance benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.

19  § 1002 *et seq*.  Having considered the papers submitted, and for good cause shown, the Court finds that

20  the de novo standard of review applies.

21          "[B]y default, review of denial of ERISA benefits is de novo, and [] to obtain the more lenient

22  abuse of discretion standard of review, a plan must unambiguously so provide."  *Salomaa v. Honda*

23  *Long Term Disability Plan*, 637 F.3d 958, 965 (9th Cir. 2011).  The question here is whether the Plan

24  at issue – the Sun Microsystems, Inc. Director Change of Control Severance Plan – unambiguously

25  confers discretion on the entity charged with making eligibility determinations.  Plaintiff contends that

26  Section 9.1 of the Plan expressly requires that benefit determinations be reviewed de novo.  Section 9.1

27  provides:

28          <u>Discretionary Authority</u>.  Prior to a Change of Control, the Employer shall have discretionary
            authority to construe and interpret the terms of the Plan, the determine eligibility and to make
            all other determinations under the Plan.  On or after the date a Change of Control, the Employer
            shall not have discretionary authority to construe and interpret the Plan, and any decisions of the

**United States District Court**
For the Northern District of California

Employer with respect to the Plan during such period shall be subject to de novo review if and when such decisions are reviewed by a court or in arbitration.

*See* Ward Declaration, Ex. A at § 9.1.

Plaintiff argues that because a Change of Control happened in early 2010 when Oracle acquired Sun, benefit determinations must be reviewed de novo. Plaintiff's Oppo. at 3-4.

Defendant contends that Section 9.1 is inapplicable, because it addresses the authority of the "Employer." Defendants contend that ERISA recognizes significant differences between an Employer or plan sponsor, here Oracle, and a Plan's Administrator, here the Leadership Development and Compensation Committee of the Board of Directors (LDCC).[1] Oracle asserts that the LDCC, as Administrator, has been given full discretion to make benefits decisions in Section 9.2(d)(v) of the Plan. Section 9.2 sets out the claims and review procedures, provides instructions for claimants on how to file requests for informal or formal resolution of claims, and then appeals of any denials. Section 9.2(d)(v) provides:

> 9.2 <u>Claims and Review Procedure</u>.
> ...
> (d) <u>Appeal to Administrator</u>.
> ...
> (v) The decision of the LDCC on the appeal shall be final, conclusive and binding upon all persons and shall be given the maximum possible deference allowed by law.

Defendant argues that under subsection (v), the Administrator/LDCC has been given discretion to resolve benefit claims, and, therefore, the standard of review in this Court should be abuse of discretion.

The Court finds that Section 9.1 – which explicitly addresses "discretionary authority" – sets the standard of review to be applied to the benefit determination at issue here. The Court recognizes that ERISA treats employers or plan sponsors differently from administrators identified in plans with respect to who can be sued or expected to provide relief under ERISA,[2] but those distinctions are not

---

[1] The Leadership Development and Compensation Committee is actually one person, Dorian Daley.

[2] *See, e.g., Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir. 1990) (ERISA permits suits to recover benefits only against the Plan and suits for breach of fiduciary duty only against the fiduciary; ERISA does not allow suit against employer unless employer was acting in a fiduciary capacity under the plan); *Reynolds v. Bethlehem Steel Corp.*, 619 F.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   determinative to the issue here: whether Section 9.1's limitation of the "Employer's" discretion for Plan

2   decisions after a change of control applies to a Court's review of a benefits decision made under that

3   Plan.  Simply because – as required under ERISA – the drafters of the Plan identified an Oracle

4   employee and the LDCC as Plan Administrators[3] and set forth the procedures for submitting and rules

5   for resolving claims and appeals, does not necessarily mean that the Plan at issue insulated the decisions

6   of the Administrators taken in Section 9.2 from the overarching level of discretion set out in Section 9.1.

7   This is not a case, as many of the cases relied on by defendants are, where a separate third-party

8   administrator handled the administration of benefits under an ERISA plan.  Further, none of the cases

9   cited by defendant address language similar to the language in this Plan: "Plan Administration

10  Language" that expressly sets out the level of discretion for decisions under the Plan ("9.1 Discretionary

11  Authority"), and then sets out the procedures and rules for determining claims under the Plan.  ("9.2

12  Claims and Review Procedure").

13      The fact that section 9.2(d)(v) of the Plan gives the LDCC "final, conclusive and binding"

14  authority to decide claim appeals or that the LDCC's decision should be given the "maximum deference

15  allowed by law," does not change the Court's conclusion.  There is a clear, but distinct, benefit to

16  mandating that the LDCC has the final say on claim appeals at the *administrative* level.  "Maximum

17  deference by law" is also reasonably interpreted to depend not only on whether claim decisions are made

18  prior to or post change-of-control (*i.e.*, under which of the two standards discussed in Section 9.1), but

19  also refers to the level of deference that an arbitrator or court determines applies on review.

20      Finally, "for a plan to alter the standard of review from the default of de novo to the more lenient

21  abuse of discretion, the plan must *unambiguously* provide discretion to the administrator." *Abatie v. Alta*

22  *Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006)(emphasis supplied).  Even if the Court were

24  Supp. 919, 928 (D. Md. 1984) (administrator, not employer, is proper party to suit regarding ERISA
    benefits, *unless* "the employer has controlled or influenced the administrator's decisions in regard to
25  awarding pension benefits."); *see also* 29 U.S.C. § 1002(16)(A)("The term 'administrator' means– (I)
    the person specifically so designated by the terms of the instrument under which the plan is operated;
26  (ii) if an administrator is not so designated, the plan sponsor.").

27      [3]  This requires those employees and the LDCC/board member to act in a fiduciary capacity
28  towards claimants in administering the plan.  *See, e.g., Pegram v. Herdrich*, 530 U.S. 211, 225 (2000)
    (noting that while ERISA allows an employer to be both an employer and a fiduciary under ERISA,
    employer must wear "fiduciary hat" when making decisions under ERISA).

United States District Court
For the Northern District of California

1  to give more significant weight the distinction between Employer in Section 9.1 and the Administrators

2  in Section 9.2, given the structure of Section IX of the Plan the Court cannot say that Section 9.2(d)(v)

3  unambiguously confers discretion on the Administrator sufficient to mandate abuse of discretion review

4  for arbitral or court review of Plan decisions.  As demonstrated by Section 9.1's "Discretionary

5  Authority" section, the drafters of the Plan clearly understood how to explicitly provide for discretionary

6  authority.  The fact that the drafters did not explicitly address how Section 9.1 and 9.2 were to interact

7  or explicitly grant discretionary authority to the "Administrator" at the initial or appeal level is

8  significant and prevents the Court from finding an unambiguous grant of discretion.

9

10                                        **CONCLUSION**

11         For the foregoing reasons and for good cause shown, the Court hereby concludes that a de novo

12  standard of review will apply in this case.

13

14         **IT IS SO ORDERED.**

15

16  Dated: May 25, 2012

17                                                            _____
                                                             SUSAN ILLSTON
18                                                           UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28